Howell, J.
On the 13th day of November, 1855, the defendant, Evan George, sold to Mrs. Emily A. Knox, a plantation in the parish of Carroll, contaning 585 acres, with the slaves, stock, etc., thereon, for the sum of $34,000, part in cash and the balance in notes secured by mortgage, duly recorded on the next day, (November 14th, 1855,) and reinscribed on the 10th of April, 1866. On 21st August, 1856, Mrs. Knox sold the said land with other to Daniel McNeill for $30,000 in notes secured by mortgage duly réeorded.
The first vendor, Evan George, having, on 26th May, 1866, obtained, an order for a Writ of seizure and sale, and caused the land to be seized on the 30th of June following, the plaintiff as administrator of the sue- *217 'cession of Daniel McNeill, deceased, instituted this suit to'have the said order of seizure and sale declared illegal, on the ground, that said George has no right or privilege upon said property, which belongs to said succession.
The defendant excepted to the petition on the grounds: “1st, That plaintiff is without interest to intervene in his suit, being the owner of the property seized, by the title from Mrs. Knox, vendee of defendant, he has not, nor can have, any mortgage upon the same, and is neither injured nor benefltted, whether defendant’s mortgage retains or loses its rank for want of reinscription or otherwise. 2d, That actions by intervention or third opposition are not admissible under the law to arrest or interfere in executory proceedings. 3d, That'no sufficient cause is stated in the petition to arrest the proceedings.” He subsequently filed an answer, alleging in substance, that by reason of the pact de non alienando in his sale to Mrs. Knox, the plaintiff, who holds by purchase from her, cannot avail himself of the omission to reinscribe defendant’s mortgage within ten years.
The exceptions were referred to the trial on the merits, and judgment was rendered in favor of plaintiff, declaring the mortgage given to defendant, George, to be invalid as to the former for the want of reinscription; from which defendant appealed.
To the first ground of exception, it is successfully replied that the plaintiff, as owner, had an interest in showing that his property had been relieved of an encumbrance placed on it by his vendor, not assumed by him in his purchase, as between his vendor and her vendor he was a third person, and the stipulation of non-alienation in favor of the latter, only deprives him of the right to notice of proceedings against the mortgaged property.
The second and third grounds might be good against an order or any action of the Court suspending the executory proceedings of defendant; but we presume the sheriff acted upon his own risk and responsibility in suspending them.
Upon the merits, we think, the judgment of the lower court is sustained by the law. The plaintiff in his act of purchase did not assume the mortgage in favor of defendant, and as to him the effect of the inscription ceased at the end of the ten years, within which a reinscription should have been made, and the property having passed from the mortgagor, was relieved of the mortgage as his property.
Judgment affirmed.